UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Lawrence, | : |
| Plaintiff, | : **JURY DEMANDED** |
| v. | : No.: _____ |
| Columbia Casket Corp., | : |
| *and* | : |
| Haven Line Industries, | : |
| *and* | : |
| Schuylkill Haven Casket Company, Inc. | : |
| Defendants. | |

## CIVIL ACTION COMPLAINT

Mr. James Lawrence, by and through his undersigned attorney, brings this complaint against Defendants, Columbia Casket Corp, Haven Line Industries, and Schuylkill Haven Casket Company, Inc., and alleges the following:

### I. Parties and Reasons for Jurisdiction.

1. Plaintiff James Lawrence ("Plaintiff" or "Lawrence") is a former employee of Defendant and resides in Schuylkill Haven, Pennsylvania.

1

2. Defendant, Columbia Casket Corp., ("Defendant" or "Columbia"), is a division of Haven Line Industries and the sister company of Schuylkill Haven Casket Company, Inc.

3. Defendant, Haven Line Industries, ("Defendant" or "Haven"), encompasses both Columbia, a metal and cloth casket division and SHCC, a hardwood casket division.

4. Defendant, Schuylkill Haven Casket Company, Inc., ("Defendant" or "SHCC"), is an active Pennsylvania Limited Liability Company, is a division of The Haven Line Industries and maintains a place of business at 300 E Liberty Street, Schuylkill Haven, Pennsylvania.

5. At all times material hereto, Defendants, qualified as Plaintiff's employer pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.A. §§ 12101-12213 ("ADA").

6. Plaintiff has exhausted his administrative remedies under the Equal Employment Opportunity Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

7. 28 U.S.C. §§ 1331 and 1343 confer jurisdiction upon this Court.

8. The venue is properly laid in this district because Defendants conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C.

§ 1391(b)(1) and (b)(2). Plaintiff was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II. FACTS

9. On May 12, 2005, Defendants hired Mr. Lawrence to work as a driver at their facility located in Schuylkill Haven, Pennsylvania.

10. On May 8, 2018, Mr. Lawrence was given a letter written the president, Ms. Tina Houck.

11. The letter falsely stated that the company was restructuring and Mr. Lawrence's position was being eliminated.

12. However, on May 9, 2018, Mr. Lawrence was made aware by another employee that his position was not eliminated but rather given to a twenty-four year old driver named, Mr. Stephen Detweiler.

13. Mr. Lawrence had trained Mr. Detweiler to do his job for back-up purposes not to be his replacement.

14. Mr. Lawrence was shocked to find this out given Mr. Detweiler has only worked for Defendants for two years.

15. The Defendants decision to terminate Mr. Lawrence's employment was on account of his disability.

16. Mr. Lawrence informed Defendants of his disability when he was diagnosed, he has Crohn's disease.

17. While they were aware of his serious medical condition, Defendants did not provide reasonable accommodations.

18. Defendants terminated Mr. Lawrence due to his disability. Mr. Lawrence was not the first employee terminated for his disability.

19. Another disabled employee, a driver, was abruptly terminated once Defendants were made aware of his medical condition. This incident started a pattern of discrimination against disabled employees.

20. Defendants' termination of Plaintiff was motivated by animus towards his disability.

21. Defendants' purported reason for terminating Plaintiff was pretext.

22. Defendants' failed to reasonably accommodate Plaintiff's disability.

23. Defendants' created, maintained, and permitted to exist a work environment hostile to the Plaintiff's disability.

24. As a direct and proximate result of Defendants' conduct in terminating Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

### III. AMERICANS WITH DISABILITIES ACT CAUSE OF ACTION
### 42 U.S.C. § 12101 *et seq.*

23. Plaintiff incorporates paragraphs 1-22 as if fully set forth at length herein.

4

24. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not discriminate against an employee based on a disability.

25. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

26. Defendants are an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

27. At all times material hereto, Plaintiff had a qualified disability, as described above.

28. As set forth above, Plaintiff was subjected to a hostile work environment due to his aforementioned disability.

29. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

30. Defendants' failed to accommodate Plaintiff's disability and failed to engage in a meaningful back and forth discussion towards the development of a reasonable accommodation for Plaintiff's disability.

31. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of

back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

32. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

33. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Plaintiff demands attorneys fees and court costs.

### IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, James Lawrence demands judgment in his favor and against Defendants, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

Date: November 9, 2018              **RESPECTFULLY SUBMITTED:**

                                            **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: *s/ Graham F. Baird*
      **GRAHAM F. BAIRD, Esq.**
      Two Penn Center, Suite 1240
      1500 JFK Blvd.
      Philadelphia, PA 19102
      Tel.: (267) 546-0131
      Fax: (215) 944-6124
      Email: grahamb@ericshore.com
      *Attorney for Plaintiff, James Lawrence*

# EXHIBIT A



# EXHIBIT A

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: James Lawrence <br> ▇▇▇▇▇▇ <br> Schuylkill Haven, PA 17972 | From: Philadelphia District Office <br> 801 Market Street <br> Suite 1300 <br> Philadelphia, PA 19107 |
|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-04247 | Legal Unit | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred *more than 2 years (3 years)* before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Enclosures(s)

Jamie R. Williamson,
District Director

October 16, 2018
*(Date Mailed)*

cc:
Tina D. Houck
President
SCHUYLKILL HAVEN CASKET COMPANY
P.O. Box 179
300 East Liberty Street
Schuylkill Haven, PA 17972

Scott Johnson, Esq.
LAW OFFICES OF ERIC SHORE
2 Penn Center, Suite 1240
1500 Jfk Blvd.
Philadelphia, PA 19102